Filed 2/4/21  P. v. Moeum CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B300707 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA111652) |
| v. | |
| SOPHORN J. MOEUM, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Laura R. Walton, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant Sophorn J. Moeum.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In April 2010, defendants and appellants Chendareth Tony Meas and Sophorn J. Moeum, along with six accomplices, participated in a violent robbery at an auto parts store that resulted in two fatalities.  Defendants were found guilty of multiple felonies, including murder and attempted murder.  In 2014, we affirmed defendants' convictions after modifying the judgments to address several sentencing errors.  (*People v. Kol* (June 13, 2014, B243664 [nonpub. opn.].)

Following passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018 which, among other changes, resulted in the enactment of Penal Code section 1170.95, defendants filed petitions for resentencing.  The trial court denied both petitions, finding defendants ineligible for relief.

Defendants now appeal from the denial of those resentencing petitions.

By separate order, we stayed defendant Meas's appeal and remanded to the superior court for reconsideration of his resentencing petition.  (*People v. Gentile* (2020) 10 Cal.5th 830, 858–859.)  We decide here only the appeal of defendant Moeum.

Defendant Moeum contends the trial court committed prejudicial error in summarily denying his petition.  He argues the true findings on the robbery-murder special-circumstance findings from the 2012 trial no longer support his felony murder convictions because they were made prior to our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  He argues that *Banks* and *Clark* substantially changed the law related to felony murder for individuals like him who are not the actual killer and that he was entitled to an evidentiary hearing on his resentencing petition to demonstrate his conduct no longer supports the felony murder

convictions.  Moeum also argues that Penal Code section 1170.95 should be liberally construed to afford resentencing relief for his attempted murder conviction, notwithstanding the statutory language.

We conclude the trial court did not err in denying defendant Moeum's petition and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

"On the evening of April 5, 2010, a group of coworkers and friends gathered at Custom City Auto Sales on Long Beach Boulevard in Compton to watch a college basketball playoff game. Around closing time, at least four males entered the shop and demanded money from the employees.  During the course of the robbery, employees Vance Dean and Lejon Robins were fatally shot.  Mark Richardson was also shot, but survived.  After taking money and personal items from five of the victims, the robbers fled the scene in a van.  They were apprehended a short distance away after a brief pursuit by numerous deputy sheriffs, including a foot chase that ensued after the suspects abruptly pulled the van over near an alley, got out and started running." (*People v. Kol*, *supra*, B243664.)  Seven individuals were apprehended and arrested:  Defendants Moeum and Meas, along with Sorporn D. Kol, John Dinkins, Devin Lewis, Paul Jordan, and Anthony McLaurin. (*Ibid*.)  "An eighth suspect was apprehended but died from an apparent heart attack shortly after being taken into custody." (*Ibid*.)

Defendant Moeum was charged with two counts of first degree murder (Pen. Code, § 187, subd. (a); counts 1 & 2), one count of premeditated attempted murder (§§ 187, subd. (a), 664, subd. (a); count 5), five counts of second degree robbery (§ 211; counts 6, 7, 8, 9 & 14), one count of being a felon in

3

possession of a firearm (§ 12021, subd. (a)(1); count 12), and one count of assault (§ 245, subd. (a)(2); count 15). (*People v. Kol, supra*, B243664.)

Robbery-murder special-circumstance allegations were alleged as to counts 1 and 2 (Pen. Code, § 190.2, subd. (a)(17)). (*People v. Kol, supra,* B243664.) "It was also specially alleged as to the murder counts, the attempted murder count, the robbery counts and the assault count that a principal was armed with a firearm during the commission of said offenses within the meaning of section 12022, subdivision (a)(1)." (*Ibid.*) No personal firearm use allegations were pled against defendant Moeum. (*Ibid.*)

Defendant Moeum was found guilty of the first degree murders of Mr. Dean and Mr. Robins, as well as the premeditated attempted murder of Mr. Richardson. The robbery-murder special-circumstance allegations were found true as were the principal armed with a firearm allegations. Defendant was also found guilty of assault, four counts of robbery and being a felon in possession of a firearm. (*People v. Kol, supra,* B243664.)

The trial court imposed two consecutive life sentences without the possibility of parole for the two murder counts, plus a consecutive life term for the attempted murder count, and consecutive determinate terms on the remaining counts and enhancements. (*People v. Kol, supra,* B243664.)

In March 2019, defendant Moeum filed a petition for resentencing pursuant to Penal Code section 1170.95 which became effective January 1, 2019. Defendant used a form petition and checked the boxes stating he was convicted of felony murder but was not the actual killer, did not act with intent to kill and was not a major participant who acted with reckless

4

indifference to human life. Defendant requested resentencing on both murder convictions (counts 1 & 2). Defendant was appointed counsel, and the prosecution filed written opposition. In supplemental papers, defendant requested resentencing on his attempted murder conviction (count 5) in addition to the two murder counts.

At the hearing on defendant Moeum's petition, defendant was present and represented by appointed counsel. After entertaining argument, the court denied the petition, finding defendant was not eligible for relief under the statutory scheme "in light of the special circumstance finding[s]." The court also concluded that attempted murder was not within the scope of Penal Code section 1170.95 and denied the petition on that ground as well.

This appeal followed.

## DISCUSSION

### 1.   Counts 1 and 2—First Degree Felony Murder

"Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.) Senate Bill 1437 added Penal Code section 1170.95 to provide a procedural mechanism for offenders previously convicted of felony murder or murder under a natural and probable consequences theory to seek retroactive sentencing relief. (Stats. 2018, ch. 1015, § 4.)

With respect to felony murder, Penal Code section 189, subdivision (e), as amended, now provides in relevant part that "[a] participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Defendant Moeum was convicted of two counts of first degree felony murder with robbery-murder special-circumstance findings found true as to both counts. The jury instructions given in 2012 regarding the robbery-murder special-circumstance allegations, including CALCRIM No. 703, directed the jury that it could find the allegations true as to a defendant who was not the actual killer only if it found that the individual acted with intent to kill or was a major participant in the crime who acted with reckless indifference. Moeum cannot establish a basis for relief because the special circumstance findings satisfy the language for the new definition of felony murder in amended Penal Code section 189, subdivision (e).

Nonetheless, defendant Moeum contends that because his 2012 conviction predated the decisions in *Banks* and *Clark*, he is entitled to relief because the pre-*Banks*/*Clark* special circumstance findings no longer support his convictions for felony murder.

The appellate courts are currently split over whether a defendant with a pre-*Banks*/*Clark* special circumstance finding is ineligible for relief under Penal Code section 1170.95. (Compare *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033 [concluding special circumstance finding precludes resentencing relief as a matter of law]; *People v. Galvan* (2020) 52 Cal.App.5th 1134, review granted Oct. 14, 2020, S264284 [same]; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, review denied Dec. 23, 2020, S265450 [same]; *People v. Jones* (2020) 56 Cal.App.5th 474 [same] & *People v. Nunez* (2020) 57 Cal.App.5th 78, review granted Jan. 13, 2021, S265918 [same] with *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted July 7, 2020, S262011 [reaching opposite conclusion]; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490 [same]; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835 [same] & *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954 [same].)

Pending guidance from our Supreme Court, we find the *Gomez*/*Galvan* line of decisions more persuasive and adopt their analyses. We therefore conclude defendant Moeum was ineligible for resentencing relief pursuant to Penal Code section 1170.95 and the trial court did not err in so ruling.

If defendant Moeum wishes to challenge the sufficiency of the evidence supporting the special circumstance findings, his remedy is to pursue extraordinary relief by way of habeas corpus. As the Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667,

674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id.* at pp. 673–674.)

2.      **Count 5—Attempted Murder**

Penal Code section 1170.95, subdivision (a) provides, in plain language, that only persons "convicted of felony murder or murder under a natural and probable consequences theory" may file a petition seeking resentencing. "When we interpret statutes, giving effect to legislative purpose is the touchstone of our mission." (*People v. Valencia* (2017) 3 Cal.5th 347, 409.) "The text of the statute is integral to our understanding of the statute's purpose." (*Ibid.*) "We must take 'the language . . . as it was passed into law, and [we] must, if possible without doing violence to the language and spirit of the law, interpret it so as to harmonize and give effect to all its provisions.' " (*Id.* at pp. 409–410.)

The appellate courts are divided on the question of whether Senate Bill 1437 applies to the crime of attempted murder. Our Supreme Court has granted review and is currently considering the issue. (Compare *People v. Lopez* (2019) 38 Cal.App.5th 1087, review granted Nov. 13, 2019, S258175; *People v. Muñoz* (2019) 39 Cal.App.5th 738, review granted Nov. 26, 2019, S258234; *People v. Dennis* (2020) 47 Cal.App.5th 838, review granted July 29, 2020, S262184 & *People v. Love* (2020) 55 Cal.App.5th

8

273, review granted Dec. 16, 2020, S265445 with *People v. Larios* (2019) 42 Cal.App.5th 956, review granted Feb. 26, 2020, S259983; *People v. Medrano* (2019) 42 Cal.App.5th 1001, review granted Mar. 11, 2020, S259948 & *People v. Sanchez* (2020) 46 Cal.App.5th 637, review granted June 10, 2020, S261768.)

Pending guidance from the Supreme Court, we believe *Lopez*, *Muñoz*, *Dennis* and *Love* are the better reasoned and adopt their analyses. The trial court did not err in concluding defendant Moeum was ineligible for sentencing relief on count 5.

## DISPOSITION

The trial court's order denying defendant Sophorn J. Moeum's petition is affirmed.


GRIMES, J.

WE CONCUR:


BIGELOW, P. J.


STRATTON, J.

9